IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Virtual Compute Corporation | )<br>)<br>) |
|     Plaintiff, | )<br>) |
| v. | ) Case No.:<br>) |
| NVIDIA Corporation | )<br>) **JURY TRIAL DEMANDED** |
|     Defendant. | )<br>) |

## COMPLAINT

Plaintiff Virtual Compute Corporation ("VCC") for its Complaint against Defendant NVIDIA Corporation ("NVIDIA" or "Defendant"), hereby states as follows:

## INTRODUCTION

This is a case for infringement of VCC's federally registered "vCompute" trademark as well as for infringement of VCC's common law trademark rights in its vCompute and "Virtual Compute" marks (collectively, the "Marks"). VCC was founded in 2003 in Houston, Texas. VCC has used the Marks in connection with its business since at least 2003. NVIDIA Corporation does business as NVIDIA and is the junior, and infringing, user of the Marks. NVIDIA is a multi-billion-dollar corporation that specializes in computer hardware and services.

## PARTIES

1. VCC is a Texas corporation with its principal place of business at 1717 North Sam Houston Pkwy W #125b, Houston, Texas 77038.

2. VCC has been in business since 2003 and has been incorporated in Texas since 2004.

3. NVIDIA is a Delaware corporation with a principal place of business at 2788 San Tomas Expressway, Santa Clara, CA 95051.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (trademarks) and 1332 (diversity), and pursuant to 15 U.S.C. §§ 1116 (injunctive relief) and 1121 (trademarks). VCC's claims arise under the laws of the United States, including 15 U.S.C. § 1125. Subject matter jurisdiction exists over VCC's remaining claims under 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy.

5. This Court has personal jurisdiction over NVIDIA. NVIDIA markets its goods and services in Texas in person, through direct mail and advertisements, and over the Internet through interactive websites. NVIDIA committed tortious acts described herein in Texas and in this judicial district. NVIDIA knew its tortious acts would cause injury to Plaintiff in this District. NVIDIA has purposefully availed itself of the benefits and protections of Texas law by purposefully directing, doing, and transacting business in this District and in the State of Texas. NVIDIA employs individuals in Texas. NVIDIA otherwise established contacts with this District sufficient to make the exercise of personal jurisdiction proper.

6. Venue is proper pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to this action occurred in this District, a substantial part of property that is the subject of this action is situated in this District, NVIDIA's trademark infringement caused injury in this District; and 28 U.S.C. § 1391(c) because NIVDIA is subject to personal jurisdiction in this District.

7. VCC is an independent computer services company.

8. VCC serves clients throughout the United States and internationally.

**COMPLAINT** 2

9. VCC provides private cloud computing, data center design, and IT managed services.

10. Businesses, including those who use VCC's goods and services, recognize the Marks as indicators of source and associate the Marks with VCC.

11. VCC relies on the Marks to develop and promote business.

12. The goodwill engendered by VCC through the Marks has allowed VCC to expand its business opportunities.

13. VCC's primary website is www.vcompute.com.

## VCC IS THE SENIOR USER OF THE vCOMPUTE MARK

14. VCC first began using the vCompute Mark in interstate commerce as a source identifier at least as early as 2003.

15. VCC has continuously used the vCompute Mark in connection with its computer services related business since at least 2003.

16. VCC's actual use of its vCompute Mark predates the date of NVIDIA's first use or any date of first use that NVIDIA may properly allege.

17. On January 24, 2011, VCC filed to register the vCompute Mark with the United States Patent and Trademark Office.

18. On June 21, 2011, the United States Patent and Trademark office published the vCompute Mark for opposition.

19. On September 6, 2011 the United States Patent and Trademark Office Registered the vCompute Mark and listed the Registrant as VCC, granting VCC nationwide protectable rights in the mark. The vCompute Mark is registered under U.S. Reg. No. 4022166 and is still currently active. The vCompute Mark has attained incontestability status.

20. VCC has invested substantial resources towards the protection of the vCompute mark, and securing and protecting the consumer goodwill associated with it.

21. A Google search for the term "vcompute" dated June 6, 2020 shows that the first link to appear on the page is for Defendant's website and read "vCompute Server NVIDIA." The second link on this page is for VCC's website and read "VCompute: Houston Data Centers."

22. On June 22, 2020, VCC's attorney Ms. Annette Heller sent a letter to Defendant notifying them of their infringement of the vCompute Mark.

23. The potential for confusion between VCC's use of the vCompute Mark and Defendant's use of the Mark was great because (1) the mark NIVDIA used was identical in terms of appearance, sound, and commercial impression (both marks use the small "v" prefix to compute) to the true vCompute Mark; (2) the services NVIDIA was advertising with the mark were the same or similar to those offered by VCC; and (3) NVIDIA's services were advertised in the same channels of trade and would be of interest to the same customers as VCC's services.

24. Defendant, recognizing VCC's superior rights in the vCompute Mark, agreed to change the name of its product. On July 17, 2020, Defendant notified Ms. Heller the new name NVIDIA would use was "virtual compute server." Bafflingly, the mark Defendant proposed to use was still confusingly similar to VCC's corporate name.

25. VCC has common-law trademark rights in its Virtual Compute name and, given the already existing trademark infringement, selecting a mark that matches VCC's corporate name increases the likelihood of confusion.

26. A Google search conducted July 23, 2020 for the term "vcompute" shows that NVIDIA did in fact change the name of its service from "vCompute Server NVIDIA" to "Virtual

Compute Server (vComputeServer) NVIDIA." This name continues to cause confusion based on the use of a very similar variation of the vCompute Mark along with VCC's corporate name.

27. A Google search of the term "vcompute" conducted August 11, 2020 shows that NVIDIA has changed the name again, this time to read "Virtual Compute Server (vCS) NVIDIA." This name continues to cause confusion based on the use of VCC's corporate name.

28. Defendant's infringing activities are likely to cause both forward and reverse confusion. Consumers are likely to be confused by Defendant's infringing activities.

29. The Marks are valid and protectable.

30. Defendant's infringement is damaging VCC. For example, VCC has seen a drastic drop in revenue since Defendant began infringing.

31. The internet is the main channel through which both VCC and Defendant advertise. With the much larger NVIDIA entering the same market for the same service using VCC's trademarks, VCC has seen demand for its products sharply fall.

32. VCC formerly relied on Google searches for new clients.

33. Now, Defendant's infringement has frozen VCC out. In addition, Defendant and VCC are now direct competitors.

**COUNT I**
Federal Trademark Infringement Under 15 U.S.C. § 1114

34. VCC realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

35. VCC is the owner of the federally registered vCompute Mark.

36. Defendant's unauthorized use of the vCompute Mark in the United States is causing and is likely to continue to cause confusion, reverse confusion, and/or mistake among purchasers

and customers as to the source, origin, or sponsorship of Defendant's products, or to deceive customers regarding the same.

37. The trade and consuming public are likely to believe that Defendant's products originate from VCC or its affiliates and/or that there is some affiliation, connection, or association between Defendant, on the one hand, and VCC, on the other, which is not the case.

38. Defendant has infringed, and is infringing, VCC's federally registered vCompute Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. As a direct and proximate result of Defendant's unlawful conduct, VCC has suffered, and will continue to suffer irreparable damages and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill. Harm to VCC will continue unless and until Defendant's infringing conduct is enjoined by this Court.

40. VCC has no adequate remedy at law. If Defendant's activities are not enjoined, VCC will suffer irreparable harm and injury to its vCompute Mark.

41. Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to VCC, and VCC is entitled to injunctive relief and to recover VCC's actual damages and/or an award of profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## COUNT II
### Common Law Trademark Infringement

42. VCC realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

43. VCC has used the Marks in connection with, without limitation, private cloud computing, data center design and hosting, and IT managed service since at least 2003 throughout the United States.

44. The Marks are distinctive of the goods and services of VCC.

45. VCC is the rightful owner of common law rights in the Marks. The Marks are valid, protectable marks.

46. Defendant, without the consent of VCC, has used, and, on information and belief, will continue to use, VCC's Marks in commerce.

47. Defendant's use of VCC's Marks throughout the states where VCC uses the Marks has caused and is likely to cause confusion and reverse confusion amongst consumers as to the source of VCC's goods and services, and constitutes common law trademark infringement under the laws of the State of Texas.

48. Defendant's acts of trademark infringement have caused and will continue to cause damage and irreparable harm to VCC, and are likely to continue unabated, thereby causing further damage and irreparable harm to VCC, unless enjoined and restrained by the Court.

49. VCC has no adequate remedy at law. If Defendant's activities are not enjoined, VCC will suffer irreparable harm and injury to its Marks.

50. Defendant's trademark infringement is and was knowing and willful.

51. As a result of Defendant's activities, VCC has been damaged in an amount to be ascertained at trial.

## COUNT III
### Federal Unfair Competition, False Representation, and False Designation of Origin under 15 U.S.C. § 1125(a)

52. VCC realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

53. VCC has used the Marks in interstate commerce since at least as early as 2003.

54.     Defendant's use of the Marks constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

55.     Defendant's conduct is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with VCC, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by VCC.

56.     Pursuant to 15 U.S.C. § 1116(a), VCC is entitled to permanent injunctive relief to prevent Defendant's continued use of VCC's trademarks.

57.     Pursuant to 15 U.S.C. § 1117(a), VCC is entitled to damages for Defendant's use of VCC's trademarks, in an amount to be ascertained at trial; an accounting of profits made by Defendant; and a recovery of VCC's costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff VCC demands judgment against Defendant NVIDIA as follows:

A.      That Defendant, its subsidiaries, affiliates, franchisees, licensees, officers, agents, sales, representatives, servants, employees, associates, successors and assigns, and all entities and persons acting under its control, by, through, under, or in active concert or in participation with Defendant, pursuant to 15 U.S.C. § 1116, be permanently enjoined from:

> 1.      Using the Marks or any other mark or trade name that is likely to cause confusion, mistake or deception with Virtual Compute Corporation d/b/a vCompute and/or the Marks;
>
> 2.      Using any mark or trade name or doing any act or thing likely to confuse the public that Defendant's goods or services are in any way connected with VCC, including, but not limited to, using on the worldwide web the Marks, or any mark or trade name confusingly similar thereto, or printing, publishing, promoting,

lending, or distributing any advertisement, whether written, audio or video, which uses the Infringing Marks, vCompute, Virtual Compute or any mark or trade name confusingly similar thereto.

B. That Defendant deliver up for destruction all goods, advertising, literature, and other forms of promotional material bearing or showing the infringing Marks or a confusingly similar mark or trade name pursuant to 15 U.S.C. §1118;

C. That Defendant must pay VCC such damages as VCC has sustained as a result of Defendant's infringement of the Marks;

D. That Defendant must change its trade name to a name that does not incorporate "vCompute," "Virtual Compute," or any other confusingly similar name;

E. That Defendant must account for all gains, profits, and advantages derived from its acts of infringement pursuant to 15 U.S.C. § 1117 or, at VCC's option, the damages found in 15 U.S.C. § 1117(c).

F. Finding this an exceptional case under 15 U.S.C. §1117, and awarding VCC a sum above the amount found as actual damages not exceeding three times such amount, and its reasonable attorneys' fees;

G. That Defendant must pay VCC its costs and disbursements in bringing this action and prejudgment and post-judgment interest as appropriate pursuant to 15 U.S.C. § 1117;

H. That Defendant must pay punitive damages due to Defendant's willful and/or reckless indifference to VCC's trademark rights;

I. That Defendant must ensure links and references to the infringing uses are removed from all search engines and other third-party websites;

**COMPLAINT** 9

J.        That Defendant must report to this Court of its compliance of the foregoing within thirty (30) days of the judgment; and

K.        For such other and further relief that the Court deems just and proper.

### JURY TRIAL DEMANDED

VCC hereby demands a jury trial on all issues so triable.

Date: September 15, 2020        Respectfully submitted,

Benjamin Foster PLLC

/s/ *Benjamin F. Foster*

Benjamin F. Foster
Texas Bar No. 24080898
808 Travis Street
Suite 1420
Houston TX 77002

Anthony G. Simon, *Pro Hac Vice Forthcoming*
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
F: (314) 241-2029
asimon@simonlawpc.com

***Attorney for Plaintiff***

**COMPLAINT**        10